UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ESTEVAO SEMEDO,<br><br>Defendant | Criminal No.   23cr10055<br><br>Violation:<br><br>Count One: Conspiracy to Commit Honest Services Mail Fraud<br>(18 U.S.C. § 1349)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant ESTEVAO SEMEDO was a resident of Brockton, Massachusetts.

2. SEMEDO was the owner and president of a driving school in Brockton, Massachusetts.

3. The Massachusetts Registry of Motor Vehicles ("RMV") was an organization within the Massachusetts Department of Transportation.

4. The person identified herein as the "Co-Conspirator" was an employee of the RMV. The Co-Conspirator worked as a road test examiner at the RMV Service Center in Brockton, Massachusetts. The Co-Conspirator owed a duty of honest services to the RMV and the Commonwealth to perform their job and official duties free from fraud, deceit, and self-enrichment and to refrain from accepting bribes and kickbacks.

1

The Process to Obtain a Massachusetts Class D Driver's License

5. A Massachusetts Class D driver's license authorizes a Massachusetts resident to drive a passenger car and certain other motor vehicles weighing not more than 26,000 pounds. Class D licenses are issued by the RMV.

6. Before a resident may apply for a Class D license, they must obtain a Class D learner's permit. They then are permitted to complete the road test application and pay a fee to take a road test at an RMV service center. The road test must be conducted by an RMV road test examiner, who sits in the passenger seat while the applicant is in the driver's seat.

7. The road test requires the applicant to, among other things, parallel park, perform a three-point turn, back up in a straight line for at least 25 yards, and drive on roads outside the RMV parking lot.

8. The road test examiner determines whether the applicant has passed or failed their road test. The examiner notes in the RMV computer system whether the applicant has passed or failed.

9. If the applicant passes their road test and pays the license fee, the RMV's computer system authorizes the issuance of a Class D license. The RMV's authorization is automatically relayed by computer to an outside vendor, which manufactures the Class D license and sends it to the licensee via U.S. mail.

Overview of the Conspiracy and the Scheme to Defraud

10. Between in or about September 2019 and in or about April 2021, SEMEDO accepted payments from or on behalf of the holders of learner's permits and then used these funds to pay bribes to the Co-Conspirator in exchange for the Co-Conspirator falsely

representing to the RMV that those permittees had passed their Class D road tests.

11. SEMEDO kept some of the money and paid the rest to the Co-Conspirator via CashApp.

12. In exchange for the bribe payment, the Co-Conspirator scored the permittee as having passed their road test even when they did not. Some permittees merely drove around the Brockton RMV parking lot. Others did not show up for their road test at all.

13. After SEMEDO paid the Co-Conspirator, the Co-Conspirator falsely recorded in the RMV computer database that these permittees had passed their road tests.

14. The RMV, unaware of the fraud, authorized the issuance of Class D licenses for them.

15. These permittees later received their Class D licenses in the mail.

### Object and Purpose of the Conspiracy

16. The object of the conspiracy was to defraud the RMV by causing it to issue Class D driver's licenses to individuals who had not passed the road test. The purpose of the conspiracy was for SEMEDO and the Co-Conspirator to enrich themselves personally.

### Manner and Means of the Conspiracy

17. Among the manner and means by which SEMEDO, the Co-Conspirator, and others known and unknown to the United States Attorney carried out the conspiracy were the following:

   a. Accepting payments from or on behalf of the holders of Class D learner's permits; and

   b. Falsely recording in the RMV computer database that the permittees had

passed their road tests.

Overt Acts in Furtherance of the Conspiracy

18. Between in or about September 2019 and in or about April 2021, SEMEDO, the Co-Conspirator, and others known and unknown to the United States Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy to commit honest services mail fraud:

   a. On or shortly before November 12, 2019, "Individual A" paid SEMEDO approximately $200 cash.

   b. On or about November 12, 2019, SEMEDO paid half of this amount ($100) to the Co-Conspirator via CashApp and kept the other half.

   c. On or about November 12, 2019, the Co-Conspirator falsely noted in RMV's computer system that Individual A had taken and passed the road test. In fact, Individual A had not taken the road test.

   d. On or shortly before August 4, 2020, "Individual B" paid SEMEDO approximately $300 cash.

   e. On or about August 4, 2020, SEMEDO paid half of this amount ($150) to the Co-Conspirator via CashApp and kept the other half.

   f. On or about August 4, 2020, the Co-Conspirator falsely noted in RMV's computer system that Individual B had taken and passed the road test. In fact, Individual B had not taken the road test.

Case 1:23-cr-10055-IT   Document 1   Filed 03/02/23   Page 5 of 7

COUNT ONE
Conspiracy to Commit Honest Services Mail Fraud
(18 U.S.C. § 1349)

The United States Attorney charges:

19. The United States Attorney re-alleges and incorporates by reference paragraphs 1-18 of this Information.

20. From in or about September 2019 through in or about April 2021, in the District of Massachusetts, and elsewhere, the defendant,

ESTEVAO SEMEDO,

conspired with the Co-Conspirator and others known and unknown to the United States Attorney to commit honest services mail fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to deprive the RMV and the Commonwealth of Massachusetts of their right to the honest and faithful services of the Co-Conspirator, through bribes and kickbacks, did knowingly cause Massachusetts Class D driver's licenses to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, for the purpose of executing the scheme.

All in violation of Title 18, United States Code, Sections 1341, 1346, and 1349.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges that:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Information, the defendant,

ESTEVAO SEMEDO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. $17,000, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                          RACHAEL S. ROLLINS
                                        UNITED STATES ATTORNEY

                         By: /s/ Christine Wichers
                                        CHRISTINE WICHERS
                                        ADAM DEITCH
                                        Assistant U.S. Attorneys

Date: March 2, 2023